UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY WILLIAMS,

        Plaintiff,                                      Hon. Paul L. Maloney

v.                                                         Case No. 1:15-cv-423

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's <u>Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)</u>. (ECF No. 22-23). Plaintiff's counsel seeks $6,516.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion be **granted**.

## ANALYSIS

On October 22, 2015, the Honorable Paul L. Maloney approved a stipulation to remand this matter to the Commissioner for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, Plaintiff was awarded disability benefits, including an award of past-due benefits in the amount of $50,066.00. Plaintiff's counsel now submits the present motion seeking an award of fees in the amount of six thousand, five hundred sixteen dollars and zero cents ($6,516.00) pursuant to the contingent fee arrangement into which he and Plaintiff entered. (ECF No. 22-2 at PageID.696-98). This agreement provides that counsel is to receive "a fee of twenty-five percent (25%) of the past-due benefits. . ." (ECF No. 22-2 at PageID.696). Defendant has no objection to the motion. (ECF No. 25).

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). However, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonable of a request for attorneys fees. *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Id.* ("the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

To determine the reasonableness of counsel's request, the Court first divides the fee requested by the number of hours counsel worked before the Court to determine the "hypothetical hourly rate" that counsel would receive if the request is granted. *See Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014). A hypothetical hourly rate that is "less than twice the standard rate is per se reasonable" whereas a hypothetical hourly rate that is "more than twice the standard rate" enjoys no such presumption. *Id.* Instead, the burden rests with counsel to establish that such is reasonable. *See Gisbrecht*, 535 U.S. at 807. Counsel's request is reasonable and consistent with his fee agreement with Plaintiff. Accordingly, the undersigned recommends that counsel's motion be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 22-23), be **granted** and

counsel be awarded six thousand, five hundred sixteen dollars and zero cents ($6,516.00) pursuant to 42 U.S.C. § 406(b).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          Respectfully submitted,

Date: November 23, 2016                          /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge